UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHARINA JONES, Individually : : : Plaintiffs, : : v. : : RAM LODGING, LLC. : A Domestic Limited Liability Company : Defendant. : _____/ | Case No. 1:13-cv-00429-SEB-DML |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO COMPEL COMPLETE INSPECTION**

**I.   Introduction**

Plaintiff, by and through undersigned counsel, hereby moves to Compel Answers To Interrogatories and Requests For Production Of Documents and to Compel inspection of the subject premises, and as grounds therefore, states as follows:

1.   On March 14, 2013, Plaintiff commenced the instant action for injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181 (ADA), for removal of barriers at Defendant's place of public accommodation which discriminate against her on the basis of her disability.

2.   The property in question is the La Quinta hotel, located at 401 East Washington Street, Indianapolis, Indiana.

3.     On July 30, 2013, Plaintiff propounded Interrogatories and Requests For Production of Documents upon Defendant, true and correct copies are attached hereto as Exhibits A and B.

4.     On September 3, 2013, after several attempts to obtain a mutually convenient date, Plaintiff served its Request Of Entry Upon Land For Inspection And Other Purposes. See Exhibit C. The inspection was noticed for October 4, 2013.

5.     On September 26, 2013, one week before the inspection, opposing counsel emailed the undersigned advising that Defendant "will not be permitting your inspection of the property…" See Exhibit D.

6.     As of the date of filing this Motion, Defendant has still failed to respond whatsoever to Plaintiff's Interrogatories and Requests For Production of Documents.

7.     For the reasons set forth below, inspection of the property is critical to this case.

Plaintiff is entitled to an Order compelling Defendant to file full and complete responses to the Interrogatories and Requests for Production and to submit to a complete R. 34 inspection of its premises.

**II.    Standard of Review**

Federal Rule of Civil Procedure 26 allows for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the discovery context, relevancy encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler Corp., 206 F.R.D

615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Under Rule 37, if a party refuses to respond to a discovery request, then the opposing party may move for an order to compel disclosure. Fed. R. Civ. P. 37(a). The objecting party has the burden to show why a particular request is improper and must do more than merely invoke the "often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Great Am. Ins. Co. v. Architectural Material, Inc., No. 4:11 cv 20, 2011 WL 4688831, at *2 (N.D. Ind. Oct. 4, 2011) (citations omitted).

Federal Rule of Civil Procedure 34(a)(2) states that "[a]ny party may serve on any other party a request . . . to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." However, "[t]he degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." See Menendez v Wal-Mart Stores East, LP, (Docket1:10-cv-00053, Northern District Indiana, 2010), citing 10A FEDERAL PROCEDURE § 26:616; *see* Scruggs v. Int'l Paper Co., 278 F.R.D. 698, 700 (S.D. Ga. 2012); Lykins v. CertainTeed Corp., No. 11-2133, 2011 WL 6337631, at *4-6 (D. Kan. Dec. 19, 2011). "Whether to permit an inspection pursuant to Rule 34 is within a court's discretion." Lykins, 2011 WL 6337631, at *4; Welzel v. Bernstein, 233 F.R.D. 185, 186 (D.D.C. 2005).

Rule 34, like the other rules relating to discovery, is to be broadly and liberally construed. Hickman v. Taylor, 329 U.S. 495, 507 (1947); Morales v. Turman, 59 F.R.D. 157 (E.D. Texas

1972) (Rule 34 designed to permit broadest sweep of access); Martin v. Reynolds Metals Corp., 297 F.2d 49, 56-57 (9th Cir. 1961) (holding that "[t]he word 'inspection' has a broader meaning than just looking" and can include such activities as photographing and taking samples).  "Rule 34 ... is as broad in scope as any of the discovery devices and is in all respects an essential part of a liberal and integrated scheme for the full disclosure of relevant information between the parties that will facilitate the prompt and just disposition of their litigation.  The rule authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents or objects in the possession or control of another party. ... Any document or thing that is relevant to the subject matter involved in a pending action may be inspected pursuant to Rule 34 unless it is privileged, or it has been prepared in anticipation of litigation or for trial, or it reveals facts known and opinions held by experts, or there are *special reasons* why inspection would cause annoyance, embarrassment, oppression, or an undue expense burden."  Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d §§ 2206 (2003) (emphasis added).

"When important civil rights are in issue in complex litigation of widespread concern, a court must make every effort to enhance the fact-finding process available to counsel for both sides."  Morales, 59 F.R.D. at 159.

Similarly, the Federal Rules also provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," with certain limitations when the discovery is burdensome or readily available by other means. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). The Court has broad discretion when deciding whether to compel discovery. *See,* Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002).

**III.     Memorandum**

    1.  Plaintiff Is Entitled To Conduct A R. 34 Inspection Of The Premises

Plaintiff has retained David Pedraza of A.D.A. Compliance Team, Inc., as their expert in this matter. On July 29, 2013, Plaintiff served their Rule 26 disclosures on Defendant. See Exhibit E. The disclosures included an investigative report by A.D.A. Compliance Team, Inc., which indicated several violations of the Americans with Disabilities Act. However, the report is not a full report of the numerous violations at the property, does not contain with specificity the ADAAG (Americans with Disabilities Act Accessibility Guidelines) which the barrier violates, does not contain precise measurements, and does not contain a cost analysis of the repairs. As such, Plaintiff has requested to conduct an inspection of the property.

Defendant was served with the Rule 34 notice on September 3, 2013. Not until September 26, 2013, seven (7) days prior to the noted inspection date, and after Plaintiff incurred significant travel costs, did Defendant inform Plaintiff that they would not be permitted at the property. An inspection of the property is crucial to Plaintiff's case, and is extremely relevant.

Unfortunately, Defendant has refused to allow Plaintiff to inspect the property. Defendant has not requested a protective order from this Court, but rather has just informed Plaintiff that they will not be permitted to inspect the property. Defendant has stated:

> " As I indicated in our conversation, we have hired a consultant along with an architect to address the accessibility issues raised by your complaint.  Your "expert" has obviously already inspected the property and we can find no viable reason for his return other than gouging my client for his unnecessary fees." (See Exhibit D)

This logic is in error. Plaintiff has a right to inspect the property. In Doran v. 7-Eleven, Inc., 2007 U.S. App. Lexis 26143 (9th Cir. 2007), the Ninth Circuit recently held that an ADA Plaintiff has right to seek discovery of the entirety of barriers as a necessary pre-requisite to the crafting of injunctive relief.  In this regard, Plaintiff has sought, and Defendant has denied, the

5

right to have an ADA expert perform a survey of the subject premises to detail the existence of ADA violations and propose remedial measures.

At a minimum, Plaintiff has the right to refute anything in Defendant's expert report. As such, Plaintiff would have to inspect the property in order to assess the veracity of Defendant's expert report. Without an expert report by Plaintiff, which is completely essential to Plaintiff's litigation, Plaintiff would be forced to rely solely on Defendant's report. Therefore, if Defendant's expert states that the property is compliant and that no barriers to access exist, Plaintiff would not be able to challenge this finding as they have been barred from inspecting the premises.

Rule 34, like the other rules relating to discovery, is to be broadly and liberally construed. Hickman v. Taylor, 329 U.S. 495, 507 (1947); Morales v. Turman, 59 F.R.D. 157 (E.D. Texas 1972) (Rule 34 designed to permit broadest sweep of access); Martin v. Reynolds Metals Corp., 297 F.2d 49, 56-57 (9th Cir. 1961) (holding that "[t]he word 'inspection' has a broader meaning than just looking" and can include such activities as photographing and taking samples). "Rule 34 ... is as broad in scope as any of the discovery devices and is in all respects an essential part of a liberal and integrated scheme for the full disclosure of relevant information between the parties that will facilitate the prompt and just disposition of their litigation. The rule authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents or objects in the possession or control of another party. ... Any document or thing that is relevant to the subject matter involved in a pending action may be inspected pursuant to Rule 34 unless it is privileged, or it has been prepared in anticipation of litigation or for trial, or it reveals facts known and opinions held by experts, or there are special reasons why inspection would cause annoyance, embarrassment, oppression, or an undue

expense burden." Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d §§ 2206 (2003) (emphasis added).

"When important civil rights are in issue in complex litigation of widespread concern, a court must make every effort to enhance the fact-finding process available to counsel for both sides." Morales, 59 F.R.D. at 159.

An ADA Plaintiff's right to injunctive relief is certainly not limited to the specific violations alleged in his complaint. Eiden v. Home Depot, Inc,. 2006 U.S. Dist. Lexis 38423 * 13-15 (E.D. Cal. 2006); Wilson v. Pier 1 Imports, 439 F. Supp.2d 1054, 1063-64 (E. D. Ca. 2006); Access 4 All, Inc. v. Atlantic Hotel Condominium Association, Inc., 2005 WL 5632057 (S.D. Fla. 2005); Gregory v. Melrose Group, 2003 U.S. Dist Lexis 22276 *14 (E.D. La. 2003); Savage v. City Place Limited Partnership, 2004 WL 3045044 *3 (Md. Cir. Ct. 2004).

Courts have widely recognized that a plaintiff's expert is entitled to survey all barriers, even if they are not listed in the complaint, or encountered by the plaintiff prior to the lawsuit. . See Martinez v. Home Depot USA, Inc., 2008 WL 4833033 (9th Cir. 2008); Martinez v. Longs Drug Stores Corp., 2008 WL 2329712 (9th Cir. 2008)(standing includes barriers found in expert's inspection during discovery); Doran v. 7-Eleven, Inc., 506 F.3d 1191, 1198-99 (9th Cir. 2007)(plaintiff entitled to expert survey of all barriers at premises and first identification of barriers may be through discovery); Bodley v. Macayo Restaurants, LLC, 546 F. Supp.2d 696, 700-01 (D. Ariz. 2006)(plaintiff's claim may include barriers first found by expert during discovery); . Eiden v. Home Depot, Inc,. 2006 U.S. Dist. Lexis 38423 * 13-15 (E.D. Cal. 2006); White v. Divine Investments, Inc., 2008 WL 2329713 (9th Cir. 2007)(standing includes barriers found in expert's inspection during discovery).

The deadline for Plaintiff to provide their expert report to Defendant is December 15, 2013. Plaintiff is attempting to complete discovery without burdening this Court with an extension. However, it appears that Defendant is attempting to delay and harass Plaintiff from conducting discovery.

2.  <u>Plaintiffs' discovery requests are relevant to ADA standards pertaining to construction, modifications, alterations to the premises and ADA improvements:</u>

Defendant has refused to provide responses to Plaintiffs' Interrogatories and Requests for Production. In the absence of Defendant's responses, it must be assumed for purposes of argument that Defendant's place of public accommodation, a hotel, was presumably built prior to the 1992 effective date of the ADA. However, as with most hotels, modifications, alterations, renovations, and new construction are continuously performed as the hotel is updated. The work performed by the Defendant in this regard is highly relevant to the applicable standards which apply. For these reasons, all such alterations, modifications, ADA compliance measures, etc., to Defendant's facility are relevant because the surveying expert witness must determine whether the "maximum extent feasible" standard under 28 CFR Section 36.403 or the "barrier removal" standard applies under 28 CFR Section 36.304 (to unaltered portions of pre-existing facilities).

The applicable provisions of the ADA, as promulgated under 28 C.F.R. Chapter 36, apply differing standards and obligations upon a place of public accommodation depending on when a facility and/or its specific elements were constructed, altered, modified, or renovated.

New Construction - 28 C.F.R. Subpart 36.401 requires that all facilities available for first occupancy after January 26, 1993, must be designed and constructed so that they are "readily accessible to and usable by individuals with disabilities".

8

Altered Portions - 28 C.F.R. Subpart 36.402 requires that any alteration to such a facility after January 26, 1992, be made to ensure that, "to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."  Alterations include, but are not limited to, "remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions."  28 C.F.R. Subpart 36.402(b).

ADA Improvements Performed By Defendant – To the extent that Defendant has, since the enactment date of the ADA, made any improvements in an attempt to comply with its requirements, it is paramount that all such measures conform to the applicable ADAAG standards.  Pickern v. Best Western Timber Cove Lodge, 2002 WL 202442, 2002 U.S. Dist. Lexis 1709  (E.D. Cal. 2002).  In other words, all work performed by the Defendant in an attempt to comply with the ADA – ramps, grab bars, parking, restrooms, etc. – must adhere to the applicable scoping provisions set forth in the ADAAGs.

For these reasons, it is critical for Defendant to provide a detailed list of all alterations, new construction, improvements, renovations and ADA compliance measures, together with the dates each such measure was taken.

3. Plaintiffs' discovery requests are relevant to the ADA's readily achievable standard for pre-existing elements

With respect to portions of a facility which pre-existed the ADA and in which no alterations or new construction have been effected, the regulations set forth a different standard. 28 C.F.R. Subpart 36.304 requires the facility to remove architectural barriers "where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much

difficulty or expense." The regulations set forth an inexhaustive list of barrier removal, including: installation of ramps, curb cuts in sidewalks and entrances, repositioning shelves, rearranging tables, chairs, vending machines, display racks and other furniture, repositioning telephones, widening doors and doorways, elimination of turnstiles or creating alternate accessible pathways, installation of grab bars, rearrangement of toilet partitions, insulation of lavatory pipes, repositioning toilet paper dispensers, raising toilet seats, creation of accessible parking.

As explained in 28 CFR Section 36.104, "readily achievable" within the meaning of the Americans With Disabilities Act of 1990 means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable the factors to be considered include:

1. <u>The nature and cost of the accommodation at issue:</u>

2. <u>The overall financial resources of the sites involved in the action</u>: the number of persons employed at the site or sites involved in the action; the number of persons employed at the site; <u>the effect on expenses and resources</u>; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site (emphasis added).

3. The geographic separateness, and the administrative or <u>fiscal relationship of the site in question to any parent corporation or entity with respect to the number of its employees</u>; the number, type and location of its facilities; and

4. If applicable, the <u>overall financial resources of any parent corporation or entity</u>; and

5. If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity.

28 C.F.R. § 36.104 (emphasis added).

10

Whether the removal of the architectural barriers is "readily achievable" is a key, if not the most crucial issue to be resolved at trial. Central to the resolution of that issue is the financial resources of Defendant, and Defendant's financial ability to readily remove the architectural barriers.

In this regard, Defendant has refused to answer any discovery inquiries regarding revenue derived from the property, financial information, mortgages, number of employees, and lease revenues.

These discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable. The Code of Federal Regulations explain that the overall financial resources of the sites involved in the action, and the effect that the removal of the architectural barrier would have on the expenses and resources of the defendant are factors to be considered by the Court.

Therefore, the Defendant's financial statements, general ledgers, income tax returns, and other financial documentation being requested by the Plaintiffs are relevant. While Plaintiffs can obtain its own expert to formulate opinions as to whether Defendant's property is in violation of the Americans with Disability Act Accessibility Guidelines (ADAAG), or the cost of the repairs needed to bring Defendant's property into ADA compliance, Plaintiffs' expert cannot express meaningful opinions as to Defendant's financial ability to make the repairs unless Plaintiffs are provided through discovery the requested financial records of the Defendant.

The records requested from the Defendant are limited in time to the years 1992 through the present, and therefore, should not be burdensome for Defendant to produce. Additionally, the Americans with Disabilities Act, enacted in 1990, gave Defendant until 1992 to remove the

architectural barriers, and bring its property into compliance. Therefore, the Defendant's financial ability over the past twenty years (since 1992) to remove the barriers, and bring its property into compliance, is relevant.

Defendant has had twenty years to bring its facility into compliance with the ADA on a "readily achievable" basis. Defendant has refused to provide responses to any discovery inquiries which explore this legal issue.

**IV.   Conclusion**

Without the requested discovery and the inspection of the premises, Plaintiff is being hindered in properly preparing their case. Wherefore, Plaintiff requests that this Honorable Court to compel the Defendant to immediately respond to their discovery requests, and to compel the Defendant to allow Plaintiff permission to inspect the property.

Respectfully Submitted,

/s/ Pete M. Monismith
Pete M. Monismith
3945 Forbes Ave., #175
Pittsburgh, PA 15213
ph. (724) 610-1881
Pete@monismithlaw.com
*Counsel for Plaintiff*

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on all parties of records this 2nd day of October 2013.

*Counsel for Plaintiff*

/s/ Pete M. Monismith

12

                         Pete M. Monismith
                         PA Bar #84746
                         3945 Forbes Ave., #175
                         Pittsburgh, PA 15213
                         ph. (724) 610-1881
                         Pete@monismithlaw.com