UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARINA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:13-cv-00429-DML-SEB |
| RAM LODGING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## Order on Plaintiff's Motion to Compel (Dkt. 26)

This matter is before the court on a motion to compel filed by plaintiff Sharina Jones. Ms. Jones's motion concerns interrogatories, document requests, and a request to enter on land for inspection, but her reply brief states that only the request to enter on land is still at issue.

Ms. Jones's complaint alleges that the La Quinta hotel owned and operated by the defendant contains architectural features limiting access by persons with disabilities, in violation of Title III of the Americans with Disabilities Act. Her complaint identifies approximately 23 examples of features that burden a disabled person who stays at the hotel, and alleges there may be more. She served a Rule 34 request to permit entry onto the hotel's premises for the purposes of surveying and taking measurements of various places within the hotel so that her expert(s) may opine regarding the precise ways in which the hotel property is not in compliance with the ADA and the costs of bringing it into compliance.

The defendant has refused to allow an inspection by the plaintiff's agents, but it has provided no reasonable grounds for doing so. An inspection and the survey and measurement activities attendant thereto are reasonably necessary to plaintiff's proof of her claims and for refuting the opinions given by defendant's experts. Those activities can be conducted without burdensome interference with the operations of the hotel. The fact that the plaintiff, or her expert, inspected some areas of the hotel and took some measurements as part of the plaintiff's pre-suit investigation does not bar her from an inspection after litigation is filed. Nor does the defendant's hiring of its own expert make an inspection by the plaintiff unnecessary and burdensome.

The court GRANTS the plaintiff's motion (Dkt. 26) and ORDERS the defendant to cooperate with the plaintiff promptly to schedule a date and time for the plaintiff's experts to conduct their inspection. The defendant also must cooperate with the plaintiff and her experts to provide appropriate access to the experts during the inspection. The court also ORDERS that the defendant must not impose conditions on the inspection or engage in activities during the inspection that have the design or effect of unreasonably hampering or interfering with the experts' work.

So ORDERED.

Date: 10/25/2013

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system